IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL B. RICHARDSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHANTE RICHARDSON | : | |
| f/k/a SHANTE WADDELL, ET AL. | : | No. 07-4510 |

## MEMORANDUM AND ORDER

**Padova, J.**                                                              **July 21, 2008**

Plaintiff, Darryl Richardson, filed this lawsuit against multiple defendants alleging ten violations of federal and Pennsylvania state law arising from the credit purchase of an automobile in his name, which was allegedly not made by him or with his authorization, on or about December 12, 2004. Before the Court is a Motion to Dismiss brought by Defendants DeSimone Inc., d/b/a DeSimone Suzuki ("DeSimone"), as well as JPMorgan Chase & Co., d/b/a Chase, and Chase Auto Finance Corp., d/b/a Chase (collectively "Chase"). For the reasons that follow, the Motion is granted in part and denied in part.

I.      BACKGROUND

Plaintiff alleges that while he was an active duty member of the Unites States Army, Defendant Shante Waddell ("Waddell") purchased a 2004 Suzuki Forenza automobile in his name and without his authorization. (2d Am. Compl. ¶¶ 16-18.) Plaintiff further alleges that DeSimone, Chase, and AmeriCredit Financial Services, Inc. ("AmeriCredit") collectively violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681[1]; the Credit Services Act ("CSA"), 73 Pa. Cons. Stat. § 2182, et seq.; the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. §

_____

[1] We note that, in Plaintiff's response (Docket No. 34), Plaintiff voluntarily withdrew his claim under the FCRA (Count I) and, accordingly, this claim is dismissed with prejudice.

2270.1, et seq.; the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-1, et seq.; committed the state law torts of fraud and negligence; and breached the covenant of good faith and fair dealing.  (2d Am. Compl. ¶¶ 37- 52.)  Plaintiff also claims that Defendants DeSimone and Chase breached their fiduciary duty to him, that Defendants Chase and AmeriCredit violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and that Defendants Waddell, DeSimone and Chase violated the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 - 1968.  (2d Am. Compl. ¶¶ 53-67.)

Plaintiff filed his initial Complaint on October 26, 2007, against defendants DeSimone and Waddell.  (Docket No. 1.)  DeSimone moved to dismiss the complaint and Plaintiff filed an Amended Complaint without leave of Court, adding Defendants Chase and AmeriCredit.  (Docket Nos. 5, 12.)  AmeriCredit then filed a Motion to Dismiss the Amended Complaint and DeSimone and Chase filed a Motion to Dismiss Plaintiff's RICO claim.  (Docket Nos. 19, 21.)  With our leave, Plaintiff filed a Second Amended Complaint, including all current Defendants and adding several new factual allegations.  (Docket No. 31.)  DeSimone and Chase subsequently filed the present Motion to Dismiss pursuant to Rule 12(b)(6).[2]

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A plaintiff's pleading obligation is to set forth "a short

---

[2]On May 12, 2008 (the same day that the present motion was filed), AmeriCredit also filed a Motion to Dismiss or, alternatively, a Motion for a More Definite Statement and/or a Motion to Drop Party (Docket No. 32).

and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While the Complaint's factual allegations need not be detailed, the grounds upon which the claim rests must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65 (citation omitted).  In the end, we will grant a 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level."  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

III.    DISCUSSION

Defendants DeSimone and Chase ("Moving Defendants") seek dismissal of the Second Amended Complaint ("the Complaint") in its entirety on the ground that Plaintiff, contrary to his allegations, explicitly authorized the credit sale of the car to his then-wife, Waddell, through a power of attorney.  Moving Defendants also seek dismissal of Chase as a Defendant in this action because Chase was not properly joined as a Defendant.  Moving Defendants also seek dismissal of Count III (Fraud), Count IV (FCEUA), Count VI (Negligence), and Count X (TILA) on the ground that the statute of limitations has run as to each of these Counts.  Finally, Defendants seek dismissal of Count IX (RICO) on the ground that the Complaint fails to allege the elements of a cognizable RICO claim.

A.    Power of Attorney

Moving Defendants contend that Plaintiff provided Defendant Waddell with a power of attorney granting her the specific power to purchase a car in his name and argue that the Complaint must be dismissed because the "Special Power of Attorney - Purchase Automobile . . . clearly

demonstrates that Plaintiff's allegations are false." (Mot. to Dismiss at 10-11.) They have attached a copy of the purported power of attorney to their Motion as Exhibit A. (Mot. to Dismiss, Ex. A.) Plaintiff, however, maintains that Waddell forged the document and misrepresented her relationship with him. (Pl.'s Resp. at 4.)

When we decide a Motion to Dismiss, we consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). We may also consider an exhibit to the motion where the "document is integral to or explicitly relied on in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted); see also, In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368 n.9 (3d Cir. 1993) (stating that "a court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). The purpose of this rule is to prevent a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive document on which it relied. See Goodwin v. Elkins & Co., 730 F.2d 99, 113 (3d Cir. 1984) (Becker, J., concurring).

The documents attached to the Motion to Dismiss are not integral to or explicitly relied on in the Complaint. Additionally, we note that the power of attorney is not undisputably authentic because the Plaintiff questions both the authenticity and veracity of the document. Consequently, the attached documents are not among the types of material we may consider on a Motion to Dismiss without converting it to a motion for summary judgment. See Fed. R. Civ. P. 12(d). We thus decline to consider any of the exhibits to Moving Defendants' Motion to Dismiss. The Motion to Dismiss is, accordingly, denied as to Moving Defendants' argument based upon the power of attorney.

4

B.      Joinder of Defendant Chase

Moving Defendants also argue that Chase must be dismissed as a party to this action because it was not properly joined.  Plaintiff first attempted to add Chase as a party through his Amended Complaint (Docket No. 11), which was filed as of right under Federal Rule of Civil Procedure 15(a)(1)(A).  Moving Defendants concede that Plaintiff was within his rights to file an Amended Complaint as a matter of course under Rule 15(a); however, they argue that Plaintiff cannot add a defendant without seeking leave of Court pursuant to Federal Rule of Civil Procedure 21.

Moving Defendants' argument is moot.  Plaintiff properly filed a motion pursuant to Rules 15 and 21 seeking our leave to file his Second Amended Complaint naming Chase and AmeriCredit as Defendants.  (Docket No. 31.)  Defendants failed to respond to that Motion and it was granted as uncontested on April 30, 2008.  Accordingly, Chase was properly added as a Defendant in this action, and Moving Defendants' Motion is denied as to this argument.

C.      Statute of Limitations

Moving Defendants assert that the statute of limitations has run as to the claims asserted in Count III (Fraud), Count IV (FCEUA), Count VI (Negligence), and Count X (TILA) and, therefore, these counts must be dismissed.  Under Pennsylvania law, there is a two-year statute of limitations on any action founded upon fraud or negligence, 42 Pa. Cons. Stat. Ann. § 5524(7); the FCEUA applies a two year statute of limitations from the date the violation occurred;  73 Pa. Stat. Ann. § 2270.5b.; and the TILA provides for a one-year statute of limitations from the date of the violation for actions brought under the Act.  15 U.S.C. 1640(e).

"When considering a motion to dismiss pursuant to Rule 12(b)(6) on statute of limitations

grounds, courts must determine whether the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.  The defendant bears a heavy burden in seeking to establish that the challenged claims are barred as a matter of law."  Meijer, Inc. v. 3M, Civ. A. No. 04-5871, 2005 WL 1660188, *2 (E.D.Pa. July 13, 2005) (internal quotations and citations omitted).  The Plaintiff admits that he became aware of the purchase of the car in his name "in or around February 2005." (2d Am. Compl. ¶ 29.)  Moving Defendants assert that Plaintiff's awareness of the transaction therefore occurred two years, eight months before the filing of the original complaint on October 26, 2007, after the expiration of the above statutes of limitations. (Def.'s Mem. at 20.)  However, the Complaint also asserts that Plaintiff was on active duty in the United States Army "at all times material."  (2d Am. Compl. ¶ 16.)  Congress has mandated, unequivocally, that "[t]he period of a servicemember's military service *may not be included in computing any period limited by law*, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State . . . or the United States . . . ." 50 App. U.S.C. § 526(a) (emphasis added).  The Moving Defendants have not addressed Plaintiff's assertion regarding his active duty status and, therefore, have not satisfied their heavy burden of proving that his claims are barred as a matter of law.  Because we are required to draw all inferences in the light most favorable to Plaintiff, the Motion to Dismiss is denied as to Defendants' argument that Counts III, IV, VI, and X are barred by their respective statutes of limitations.

       D.    <u>RICO</u>

Moving Defendants seek to dismiss Plaintiff's RICO claim on the grounds that the allegations of the Complaint are insufficiently specific to comply with Rule 9(b), particularly with

respect to the alleged predicate acts of mail and wire fraud, and because they fail to state a

cognizable claim for relief pursuant to either 18 U.S.C. § 1962(c) or (d).  In order to state a claim

for relief pursuant to § 1962(c), a plaintiff must allege the following four elements:

> "(1) the existence of an enterprise affecting interstate commerce; (2) that the
> defendant was employed by or associated with the enterprise; (3) that the defendant
> participated, either directly or indirectly, in the conduct or the affairs of the
> enterprise; and (4) that he or she participated through a pattern of racketeering
> activity."

United States v. Urban, 404 F.3d 754, 769 (3d Cir. 2005) (quoting United States v. Irizarry, 341 F.3d

273, 285 (3d Cir. 2003)).  A pattern of racketeering activity is defined by the statute as requiring "at

least two acts of racketeering activity, one of which occurred after the effective date of this chapter

and the last of which occurred within ten years (excluding any period of imprisonment) after the

commission of a prior act of racketeering activity. . . ." 18 U.S.C. § 1961(5).

Plaintiff's Supplemental RICO Case Statement alleges that Moving Defendants' predicate

acts of mail and wire fraud are "[m]ail and/or wire fraud in the funding, credit inquiry and lending

regarding the sale and financing of the vehicle."  (Suppl. RICO Case Stmt. ¶ 4(b).)  The Complaint

specifies that Moving Defendants committed mail and wire fraud, in violation of 18 U.S.C. §§ 1341

and 1343, in connection with the "credit inquiry, credit application, loan application, title and loan

recording, loan sale, vehicle repossession and sale, negative credit reporting, debt collection

communications, and the circumstances surrounding the titling, financing, delivery, and sale of the

subject vehicle." (2d Am. Compl. ¶ 59.)  Plaintiff's Supplemental RICO Case Statement describes

the pattern of racketeering as follows: "Upon information and belief, Defendants, DeSimone and

Chase, sold Plaintiff a vehicle under false pretenses and/or identification.  The predicate acts are

directly related to Plaintiff's claim and pose a threat of continued criminal activity; Defendants can continue to use false credit and/or false identity to sell financed vehicles." (Suppl. RICO Case Stmt. ¶ 4(c).)

A plaintiff claiming a predicate activity based on mail or wire fraud must plead the following elements: "(1) a scheme to defraud, (2) the use of the mails or wires for the purpose of executing the scheme, and (3) fraudulent intent.  United States v. Pharis, 298 F.3d 228, 234 (3d Cir. 2002) (citing United States v. Sturm, 671 F.2d 749, 751 (3d Cir. 1982)).  Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be averred generally." Fed. R. Civ. P. 9(b).  Consequently, allegations of fraudulent acts pled under RICO must describe the nature and subject of the alleged fraud sufficiently to provide the Moving Defendants with notice of the "precise misconduct" of which they have been accused.  Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998).  Although plaintiffs do not need to plead the exact "date, place or time" of the fraud, so long as they use precision and substantiate their allegations, id., when the alleged predicate acts are mail (or wire) fraud, the Complaint must "identify the purpose of the mailing within the defendant's fraudulent scheme and specify the fraudulent statement, the time, place, and speaker and content of the alleged misrepresentations." Bonavitacola Elec. Contr., Inc. v. Boro Developers, Inc., 87 Fed. Appx. 227, 231 (3d Cir. 2003) (quoting Annulli v. Panikkar, 200 F.3d 189, 201 n.10 (3d Cir. 1999)).  We agree with Moving Defendants that the Complaint fails to satisfy the requirement of Rule 9(b) in that it fails to plead  allegations of mail and wire fraud with sufficient specificity to provide them with notice of their "precise misconduct."

Moving Defendants also argue that the Complaint fails to state a claim under § 1962(c)

8

because it does not set forth a cognizable pattern of racketeering activity.  Specifically, Moving Defendants argue that the Complaint fails to allege continuity sufficient to satisfy the requirement that there was a pattern of racketeering activity.  Moving Defendants contend that the Complaint alleges only a single transaction - Waddell's purchase of the car from DeSimone, and a bald allegation of continuity - that "[t]he predicate acts are directly related to Plaintiff's claim and pose a threat of continued criminal activity; Defendants can continue to use false credit and/or false identity to sell financed vehicles."  (Suppl. RICO Case Stmt. ¶ 4(c).)

In order to "prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity."  H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989).  Congress defined predicate acts as  related when they have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."  Id. at 240 (quoting 18 U.S.C. § 3575(e)).  "Continuity is both a closed and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."  Id. at 241 (citation omitted).

Where a plaintiff alleges a closed-ended scheme, he must prove "a series of related predicates lasting a substantial period of time."  Id. at 242.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct."  Id. at 242.  The United States Court of Appeals for the Third Circuit "has developed a durational requirement of at least twelve months." Plater-Zyberk v. Abraham, Civ. A. No. 97-3322, 1998 U.S. Dist. LEXIS 1736 at *23-24 (E.D. Pa. Feb. 17, 1998) (citing Tabas v. Tabas, 47 F.3d 1280, 1293 (3d. Cir. 1995)).  When the scheme's

9

duration is "based on predicate acts of mail fraud 'the continuity test requires us to look beyond the mailings and examine the underlying scheme or artifice.'" Tabas, 47 F.3d at 1294 (quoting Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1413 (3d Cir. 1991)). We conclude that the Complaint does not allege a closed-ended scheme because Plaintiff's allegations of fraud do not amount to long-term criminal conduct, or satisfy the Third Circuit's twelve month durational requirement.

Where a plaintiff alleges an open-ended scheme, the plaintiff must "prove a 'threat of continuity.'" Hughes v. Consol-Pennsylvania Coal Co., 945 F.2d 594, 609-610 (3d Cir. 1991) (quoting H.J., 492 U.S. 229, 242). A threat of continuity can be shown by evidence that "predicate acts are part of defendant's regular way of doing business." Id. at 610 (internal quotation omitted). "That is, defendant operates a long-term association that exists for criminal purposes." Id. (internal quotation omitted). Defendants argue that the Complaint does not allege an open-ended scheme in this case because there are no allegations that Waddell and Moving Defendants are engaged in an ongoing conspiracy to sell cars in the names of persons who have not consented to such sales. We agree that the Complaint does not allege a long-term association that exists for criminal purposes. Consequently, the Complaint does not allege an open-ended scheme of continuous racketeering activity. We conclude, accordingly, that the Complaint fails to allege a cognizable claim for relief pursuant to § 1962 (c).

Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." 42 U.S.C § 1962(d). "Any claim under Section 1962(d) based on a conspiracy to violate other subsections of Section 1962 necessarily must fail if the substantive claims are themselves deficient." Lighting Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) (citation omitted). We have found that Plaintiff's § 1962(c) claim is

10

deficient; consequently, his claim under § 1962(d) must also fail.  Moving Defendants' Motion to

Dismiss is, accordingly, granted with respect to Count IX, the RICO claim.[3]

IV.   CONCLUSION

Plaintiff has voluntarily withdrawn his claim under the FCRA and we therefore grant Moving

Defendants' Motion to Dismiss with respect to Count I (FCRA).  We further grant Moving

Defendants' Motion to Dismiss with respect to Count IX (RICO), because the Complaint does not

allege a cognizable RICO claim.  We deny the Motion in all other respects.

An appropriate Order follows.

---

[3]Count IX (RICO) is dismissed with prejudice because Plaintiff, represented by counsel, has unsuccessfully attempted to state a RICO claim three times in his Complaint, his Amended Complaint, and his Second Amended Complaint, together with his RICO Case Statement and Supplemental RICO Case Statement.  We conclude that further attempts to assert a RICO claim would be futile.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRYL B. RICHARDSON        :       CIVIL ACTION
                                     :
        v.                         :
                                     :
SHANTE RICHARDSON         :
f/k/a SHANTE WADDELL, ET AL   :       No. 07-4510

## O R D E R

       **AND NOW**, this 21st day of July, 2008. upon consideration of Moving Defendants' Motion to Dismiss (Docket No. 21), and all documents filed in connection therewith, **IT IS HEREBY ORDERED** as follows:

      1.      Moving Defendants' Motion is **GRANTED** to the extent it seeks dismissal of the Plaintiff's claim pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count I);

      2.      Moving Defendants' Motion is **GRANTED** to the extent it seeks dismissal of the Plaintiff's claim pursuant to the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (Count IX);

      3.      Moving Defendants' Motion is **DENIED** in all other respects.

                                 BY THE COURT:

                                 /s/ John R. Padova

                                 _____

                                 John R. Padova, J.